## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Keith Pinkley (#R-72373), | ) | |
| | ) | |
| Petitioner, | ) | Case No. 14 C 6180 |
| | ) | |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| Kim Butler, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

### ORDER

Petitioner's motion for stay and abeyance [#3] is granted. The case is hereby stayed pending disposition of ongoing or anticipated post-conviction proceedings in the state court system. The Respondent need only enter an appearance at this time; no response to the petition is required until the stay is lifted.

### STATEMENT

Keith Pinkley, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for first degree murder, attempted murder, and discharge of a firearm on the grounds that: (1) there were issues relating to voir dire; (2) the State improperly relied on hearsay evidence at trial; (3) the State improperly introduced grand jury testimony into evidence; and (4) the prosecutor made improper remarks in closing arguments. Petitioner has paid the statutory filing fee, as directed. *See* Order of August 19, 2014.

Petitioner concedes that he has not yet exhausted state court remedies as to all claims raised in his habeas petition. He requests that this case be held in abeyance pending resolution of a successive post-conviction petition he is attempting to pursue in the state court system. Petitioner filed his federal habeas petition now in order to preserve his right to federal review of his conviction. The motion is granted. This case is hereby stayed pending disposition of the expected or ongoing post-conviction proceedings. Petitioner is directed to file a status report by January 5, 2015, notifying this Court as to the posture of the state court case.

The Respondent need only enter an appearance at this time. The Court will direct the State to answer the petition or otherwise plead after the case stay has been lifted. This preliminary order does not, of course, preclude the State from making whatever arguments it may wish to present concerning waiver, exhaustion, timeliness, or any other defense to habeas relief.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must send an exact copy of any court filing to the

Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.

Date: September 29, 2014                                            /s/ Virginia M. Kendall