# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | )  |  |
|---|---|---|
| KEITH PINKLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 14 C 6180 |
| | ) | |
| KIM BUTLER, Warden, | ) | Judge Virginia M. Kendall |
| Menard Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Keith Pinkley is incarcerated at the Menard Correctional Center in Menard, Illinois, in Warden Kim Butler's custody. [1] Pinkley is serving an eighty-year sentence for first degree murder, attempted first degree murder, and aggravated discharge of a firearm after a jury convicted him of firing a gun into a bus in an attempt to kill Derrick White that instead hit Walter Stephenson, killing him. (Dkt. 27-1, Exhibit B, at 31-32 ¶ 17; Dkt. 27-1, Exhibit C, at 53-54.) Pinkley petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that Constitutional violations occurred during his trial and appeal, and because he alleges that he is innocent. Pinkley has either procedurally defaulted his claims or they rely on independent and adequate state grounds so his habeas petition is dismissed.

## PROCEDURAL HISTORY

A jury convicted Pinkley in 2008 of the first degree murder of Walter Stephenson, the attempted first degree murder of Derrick White, and aggravated discharge of a firearm. (Dkt. 27-1, Exhibit A, at 1.) Pinkley and White's families had been feuding throughout the day, and when White boarded a bus to leave the area, Pinkley sought him out and fired his gun into the bus,

1

killing Stephenson. Pinkley appealed his conviction to the Illinois Appellate Court for the First District, arguing that he was denied a fair trial because: (1) the trial court denied him an impartial jury in violation of Illinois Supreme Court Rule 431(b) and *People v. Zehr*, 469 N.E.2d 1061 (Ill. 1984); (2) the prosecution repeatedly showed codefendant Freddie Guise's videotaped statement in an improper use of hearsay testimony; (3) the prosecution impeached Guise with a non-testifying doctor's report, allegedly in violation of Illinois law and the Confrontation Clause; (4) the trial court admitted Laurice Reynolds's grand jury testimony; and (5) the trial court improperly excluded Reynolds's prior consistent statement. (*Id.* at 10-22.) On November 3, 2010, the Illinois Appellate Court affirmed Pinkley's conviction. (*Id.* at 1-2.) Pinkley filed a petition for leave to appeal ("PLA") in the Illinois Supreme Court. (Dkt. 27-2, Exhibit H, at 74.) In his PLA, Pinkley sought reversal only on the basis that the prosecutor's repeated use of Guise's videotape and the use of Reynolds's grand jury testimony denied him a fair trial. (*Id.* at 88.) The Illinois Supreme Court denied Pinkley's PLA on January 26, 2011 (*Id.* at 118.)

Pinkley then filed a *pro se* post-conviction petition pursuant to 725 ILCS 5/122 on August 15, 2011. (Dkt. 27-12, Exhibit W, at 38, 43-68.) Pinkley asserted a violation of his right to a fair trial, alleging his inability to confront one of the witnesses; the state's alleged use of false statements and unfair burden shifting in closing statements; and insufficient evidence to show guilt beyond a reasonable doubt. (*Id.*) He also argued ineffective assistance of trial counsel on the grounds that trial counsel failed to: investigate and develop his claims; challenge the prosecution's suppression of exculpatory evidence; ensure the ability to confront and examine Derrick White; object to the Prosecutor's incorrect reference to the victim's last name as "Stevenson," as opposed to "Stephenson"; challenge the state's failure to prove guilt beyond a reasonable doubt; and pursue additional witnesses. (Dkt. 27-12, Exhibit W, at 62-63.) The

Circuit Court dismissed his post-conviction attack as "frivolous" and "patently without merit" on November 18, 2011. Pinkley timely filed a notice of appeal on December 20, 2011. (Dkt. 27-1, Exhibit B, at 32, ¶ 19.) On February 11, 2013, Pinkley appealed the Circuit Court's decision with counsel, but on new grounds: that trial counsel provided ineffective assistance by failing to impeach witnesses Vadalia and Shameka Peppers with inconsistent statements that they gave to the police regarding Pinkley's clothing. (Dkt. 27-3, Exhibit I, at 5; Dkt. 27-1, Exhibit B, at 25-26, ¶¶ 1-2.) The Illinois Appellate Court for the First District affirmed the Circuit Court's denial of post-conviction relief on March 3, 2014, finding that Pinkley did not present "an arguable basis" for establishing ineffective assistance of counsel, nor facts to support his argument that counsel's representation prejudiced Pinkley at trial. (Dkt. 27-1, Exhibit B, at 38-40.) Pinkley filed a *pro se* PLA with the Illinois Supreme Court on March 14, 2014, again arguing ineffective assistance of trial counsel for failure to impeach these two witnesses. (*See* Dkt. 27-3, Exhibit I, at 5; Dkt. 27-3, Exhibit L, at 129, 154-160.) He further claimed that the counsel who assisted Pinkley with the appeal of his post-conviction petition provided ineffective assistance by failing to amend the appeal with several additional ineffective assistance of counsel claims that Pinkley wished to argue against his trial and direct appel counsel. (*See id.*) On May 28, 2014, the Illinois Supreme Court denied Pinkley's post-conviction PLA. (Dkt. 27-3, Exhibit L, at 164.)

The Court received Pinkley's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 11, 2014. [1] In his federal petition, consistent with his direct appeal to the Illinois Appellate Court for the First District, Pinkley claims that he was denied: (1) his Fifth, Sixth, Eighth, and Fourteenth Amendment rights where the trial court failed to question jurors on the *Zehr* principles, as well as his right to a fair trial due to the state's (2) improper use of hearsay evidence, namely the prosecution's repeated use of codefendant Freddie Guise's

videotaped statement and a report by a non-testifying doctor to impeach Guise and (3) improper use of prior statements made in grand jury testimony by Laurice Reynolds, along with the failure to admit Reynolds's complaint of police abuse as a prior consistent statement. [*Id.* at 9-14.]

Moreover, as in his *pro se* post-conviction petition, Pinkley claims that his right to a fair trial was denied because: (4) the jury was biased by remarks improperly made by the Prosecutor during closing statements about the Defendant's witnesses lying; and (5) the jury was not properly advised on the burden of proof during the Prosecutor's closing statements. [*Id.* at 13, 15-17.] In his federal petition, Pinkley initiates claims to a violation of his Sixth and Fourteenth Amendment rights due to: (6) the trial judge's partiality based on his earlier work as a prosecutor. Further consistent with his *pro se* post-conviction petition, Pinkley raises claims to (7) his actual innocence, arguing a lack of witnesses who could identify him as the guilty party and alleging the ability to produce an affidavit from a witness who can prove Pinkley's innocence. Additionally, Pinkley argues ineffective assistance of counsel regarding both (8) his trial counsel, for failure to raise Fourth Amendment search and seizure issues; to object to the prosecutor's closing arguments; to raise issues in a post-trial motion; to suppress witness testimony; and to interview key witnesses, and (9) his counsel on direct appeal, for failure to raise all meritorious claims as set forth in Claims 4-8. [*Id.* at 18-28.]

On August 11, 2014, Pinkley moved this Court to stay habeas proceedings so that he could exhaust his claims through a successive post-conviction petition in state court. (Dkt. 3.) This Court stayed the case on September 29, 2014, pending Pinkley's anticipated post-conviction proceedings. (Dkt. 6.) On December 5, 2014, Pinkley asked for an extension of time to proceed with his successive post-conviction petition in state court. (Dkt. 8.) In a letter dated October 1, 2015, he "concede[d] that he has not yet exhausted state court remedies as to all claims raised in

his habeas petition." (Dkt. 13.) He asked for more time to obtain affidavits from one witness in order to proceed with his successive post-conviction petition. (*Id.*) On October 15, 2015, this Cout granted Pinkley's motion for extension of time and continued to stay the case. (Dkt. 14.)

On March 14, 2016, Pinkley again moved to extend time to proceed with his successive post-conviction petition because he had yet to file it. (Dkt. 18.) He said that he had not yet filed his state petition because he could not get a hold of the witness whose affidavit would provide the evidence needed to substantiate his actual innocence claim. (*Id.*) Again, the Court granted Pinkley's motion to extend time and stayed his habeas claim on April 5, 2016. (Dkt. 22.) The Court ordered Pinkley to notify the Court by April 26, 2016, if he wished to proceed with his exhausted claims and also ordered the Defendant's response due by June 6, 2016, with Pinkley's reply due July 5, 2016. (Dkt. 21; Dkt. 22.)

On May 2, 2016, Pinkley notified the Court that he wished to proceed with his claims, and moved for attorney representation. (Dkt. 23; Dkt. 24.) Finding neither that Pinkley's claims required an evidentiary hearing pursuant to 18 U.S.C. § 3006A(a)(2)(B), nor that the interest of justice required it, the Court denied Pinkley's request for attorney representation. (Dkt. 25.) Following this, Respondent Kimberly Butler, Warden at the Menard Correctional Center, filed an Answer on May 25, 2016. (Dkt. 26.) On July 1, 2016, Pinkley again moved to extend time. (Dkt. 29.) Having granted numerous extensions and given Pinkley over two years to file his successive post-conviction petition, the Court granted Pinkley a final extension of time to file a reply or decide how he wanted to proceed by August 13, 2016. (Dkt. 30.)

On August 25, 2016, Pinkley notified the Court that he did not intend to respond to the State's Answer. (Dkt. 31.) In the more than two years since Pinkley filed his petition for habeas

5

relief, he did not file a successive post-conviction petition in state court. (Dkt. 32.) The Court now considers Pinkley's petition for relief pursuant to 28 U.S.C. § 2254.

## DISCUSSION

**A.     Claim 1 and Claims 4-9 of Pinkley's Habeas Petition Procedurally Default**

Before a federal court will consider claims by a federal habeas petitioner, he must exhaust his state remedies in order to give the State the chance to correct alleged violations of its prisoners' federal rights. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (citations omitted). In particular, a habeas petitioner must fully and fairly present his federal claims through one full round of state court review before he files his federal habeas petition. *See Mulero v. Thompson*, 668 F.3d 529, 536 (7th Cir. 2012). A petitioner challenging his conviction in Illinois must have first "appealed to the Illinois Appellate Court and presented the claim in a [PLA] to the Illinois Supreme Court." *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007). If a petitioner exhausts state court remedies but fails to properly assert his federal claims at each level of review, those claims are procedurally defaulted. *Boerckel*, 526 U.S. at 848; *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). Any claim that could have been raised on direct appeal, but was not, is barred. *People v. Blair*, 831 N.E.2d 604, 614-15 (Ill. 2005). Similarly, any claim that was raised or could have been raised in a post-conviction petition cannot be raised in a successive post-conviction proceeding unless the petitioner asks leave of the court after demonstrating good cause for not initially asserting the claim and shows prejudice stemming from that failure. *See* 725 ILCS 5/122-1; *People v. Thompson*, 890 N.E.2d 1119, 1126 (Ill. App. Ct. 2008). Claims that petitioner failed to raise on direct appeal or in post-conviction proceedings, or otherwise where petitioner failed to present the claim to the state court and the state court would find it

procedurally barred, procedurally default. *See Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013).

Here, Pinkley failed to present Claim 1 and Claims 4-9 through a complete round of state court review. On direct appeal, Pinkley raised his right to question prospective jurors about their understanding that a defendant need not present evidence, as well as his right to question jurors on the *Zehr* principles (Claim 1). (Dkt. 27-1, Exhibit A, at 1.) However, Pinkley did not raise this issue on his subsequent PLA to the Illinois Supreme Court, and thus procedurally defaults on this claim. (Dkt. 27-2, Exhibit H, at 88.) *See Boerckel*, 526 U.S. at 848; *Mulero*, 668 F.3d at 536; *Woods*, 589 F.3d at 373; *Guest*, 474 F.3d at 930.

Similarly, Claims 4-9 have not undergone a complete round of state court review. Pinkley did not raise Claims 4-9 on direct appeal. (*See* Dkt. 27-1, Exhibit A, at 1.) Nor does Pinkley raise his claim to an unfair trial based on judicial bias (Claim 6) on post-conviction petition. (*See* Dkt. 27-12, Exhibit W, at 38, 43-68; Dkt. 27-3, Exhibit I, at 5; Dkt. 27-3, Exhibit L, at 129, 154-160.) On his post-conviction petition for relief, Pinkley raised a violation of his right to a fair trial alleging the denial of an impartial jury (Claim 4), the failure to provide a fair explanation of the reasonable doubt standard (Claim 5), and insufficient evidence in the face of his actual innocence (Claim 7), but he did not raise these claims on his subsequent PLA to the Illinois Supreme Court. (*See id.*) Further, Pinkley claimed ineffective assistance of appellate counsel (Claim 9) on his post-conviction PLA to the Illinois Supreme Court, but did not include this in his post-conviction petition to the Circuit Court. (*Id.*) Pinkley's ineffective assistance of trial counsel (Claim 8) faces a more nuanced challenge. Pinkley raised this general claim at each stage of his post-conviction petitions. However, Pinkley presented different grounds in his post-conviction petition to the Circuit Court than in his appeal to the the Illinois Appellate Court for

7

the First District or his PLA to the Illinois Supreme Court, which also differs from the grounds he provides in the federal habeas petition at hand. In his post-conviction petition, Pinkley argued ineffective assistance of trial counsel by alleging that trial counsel failed to fully develop his claims, challenge the suppression of exculpatory evidence, allow Pinkley to confront Derrick White, point out the Prosecutor's error in spelling the murder victim's last name as "Stevenson," challenge the state's failure to prove guilt beyond a reasonable doubt, and pursue additional witnesses. (Dkt. 27-12, Exhibit W, at 62-63.) However, in his post-conviction petition appeal and PLA, Pinkley pivoted and argued ineffective assistance of trial counsel on separate grounds. He stated that counsel failed to impeach witnesses Vadalia and Shameka Peppers with inconsistent statements that they gave to the police regarding Pinkley's clothing. (*See* Dkt. 27-3, Exhibit I, at 5; Dkt. 27-3, Exhibit L, at 129, 154-160.) Because Pinkley provided grounds in his post-conviction appeal and PLA separate from the grounds he gave in his post-conviction petition to the Circuit Court, he failed to exhaust either grounds through a complete round of state court review. *See Mulero*, 668 F.3d at 536 (where different grounds for ineffective assistance of counsel at different review stages failed to preserve claim for habeas review).

In the two years since he filed this habeas claim, this Court has stayed proceedings so that Pinkley could ask leave of state court to file a successive post-conviction petition, as Pinkley requested and as anticipated. (*See* Dkt. 3; Dkt. 32.) Pinkley has not filed a successive post-conviction petition. (Dkt. 23; Dkt. 32.) Rather, Pinkley told this Court that he wanted to proceed with this habeas petition on the claims that had been exhausted. (*Id.*) Therefore, without presenting any of Claims 4-9 for complete state review, Pinkley procedurally defaults on these claims and cannot seek habeas relief on these grounds. *See Boerckel*, 526 U.S. at 848; *Mulero*,

8

668 F.3d at 536; *Woods*, 589 F.3d at 373; *Coleman*, 628 F.3d at 318; *Bolton*, 730 F.3d at 696; *Guest*, 474 F.3d at 930; *Blair*, 831 N.E.2d at 614-15; *Thompson*, 890 N.E.2d at 1126.

A federal court may hear a habeas petitioner's procedurally defaulted claim under two exceptions: if he can demonstrate cause and prejudice for the default or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Crockett v. Hulick*, 542 F.3d 1183, 1193 (7th Cir. 2008). A defendant must provide new evidence to support a claim of actual innocence in order to ameliorate the procedural bar to his claim. *McQuiggin*, 133 S. Ct. at 1928; *see Schulp v. Delo*, 513 U.S. 298, 324 (1995). A petitioner's failure to raise an argument for either precludes a federal court from considering a defaulted claim. *McQuiggin*, 133 S. Ct. at 1931. Here, Pinkley makes no attempt to show cause for his failure to present each of his federal claims through one full round of state court review. [*See* 1, at 22-23.] Nor does Pinkley provide any new evidence to substantiate his claim to actual innocence, so procedural default cannot be excused on these grounds. He alleges his innocence and claims that he can provide an affidavit and testimony from an additional witness who can provide evidence that he is actually innocent, but has had over two years to obtain this evidence and fails to do so in this petition. [*Id.*] Pinkley's petition thus fails to fall under either of these two exceptions, so these claims remain procedurally defaulted and the Court will not consider them.

**B.     Claims 2 and 3 of Pinkley's Habeas Petition Procedurally Default in Part, and Rely on Independent and Adequate State Grounds in Part**

A petitioner can also procedurally default his claim based on independent and adequate state grounds if he fails to comply with relevant state procedural rules, and the state court refuses to adjudicate the claim. *See Cone v. Bell*, 556 U.S. 449, 465 (2009); *Crockett v. Butler*, 807 F.3d 160, 167 (7th Cir. 2015) (quotation marks and citation omitted). Again, such procedural default

9

precludes federal court review of a petitioner's habeas claims. *See Mulero*, 668 F.3d at 536. In particular, a state's forfeiture rules rely independently and adequately upon state law. *See Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010); *Szabo v. Walls*, 313 F.3d 392, 395-96 (7th Cir. 2002). Illinois has established that defendants forfeit claims for appeal where they fail to contemporaneously object or move on the issue post-trial. *See e.g.*, *Kaczmarek*, 627 F.3d at 592-93; *Miranda v. Leibach*, 394 F.3d 984, 995-97 (7th Cir. 2005). Reviewing claims for plain error does not revive an otherwise forfeited claim. *See id.*, 394 F.3d at 992.

Pinkley provides two grounds for his claim to a violation of his right to a fair trial due to the state's improper use of hearsay evidence (Claim 2). First, Pinkley looks to what he deems the repetitive use of Guise's videotaped statement, which he says prejudiced his trial. Regardless of whether the evidence would have constituted hearsay or prejudiced his trial, Pinkley forfeited this claim by failing to preserve this issue for appeal through contemporaneous objection or post-trial motion. (*See* Dkt. 27-1, Exhibit E, at 114; Dkt. 27-2, Exhibit G, at 14.) *See Kaczmarek*, 627 F.3d at 592-93; *Miranda*, 394 F.3d at 995-97. Even though the appellate court reviewed the issue for plain error, this did not revive Pinkley's claim. *See id.* at 992. The forfeiture finding relies independently and adequately on Illinois law, so the Court need not rule on the matter. *See Kaczmarek*, 627 F.3d at 592; *Szabo*, 313 F.3d at 395-96. Since Illinois declines to adjudicate the matter based on its laws, Pinkley's failure to earlier raise the issue of the prosecution's repeated use of the Guise videotape likewise precludes this Court from hearing Pinkley's habeas claim in this regard. *See Cone*, 556 U.S. at 465; *Crockett*, 807 F.3d at 167; *Mulero*, 668 F.3d at 536. Pinkley also points to the prosecution's use of a report by a non-testifying doctor that was used to impeach Guise as evidence that he was denied a fair trial. But as discussed, to avoid procedural default a defendant must raise an issue not only on direct appeal but also in his PLA

to the Illinois Supreme Court. *See Boerckel*, 526 U.S. at 848; *Mulero*, 668 F.3d at 536; *Woods*, 589 F.3d at 373; *Guest*, 474 F.3d at 930. Despite raising this issue in his direct appeal, Pinkley did not raise it in his PLA. (*See* Dkt. 27-2, Exhibit H, at 88.) Without showing cause or the fundamental miscarriage of justice that would transpire, Pinkley procedurally defaults on this basis for his claim as well. *See McQuiggin*, 133 S. Ct. at 1931; *Crockett*, 542 F.3d at 1193. Pinkley therefore cannot rely on Claim 2 as the grounds for his petition for habeas relief.

In Claim 3, Pinkley asserts habeas relief for a violation of his right to a fair trial based on the use of prior statements made in grand jury testimony by Laurice Reynolds, as well as the failure of the trial court to admit Reynolds's prior consistent statement on police abuse. By a similar logic, this claim also fails. Pinkley forfeited his claims related to the use of Reynolds's grand jury testimony because he did not contemporaneously object to this issue at trial, nor did he include this issue in a post-trial motion. (*See* Dkt. 27-1, Exhibit E, at 121-22; Dkt. 27-2, Exhibit G, at 14.) *See Kaczmarek*, 627 F.3d at 592-93; *Miranda*, 394 F.3d at 995-97. Again, the appellate court's reviewing this issue for plain error did not revive Pinkley's claim, and the forfeiture grounds preclude this Court from hearing Pinkley's petition for habeas relief on these grounds. *See id.* at 992; *Kaczmarek*, 627 F.3d at 592; *Szabo*, 313 F.3d at 395-96; *Cone*, 556 U.S. at 465; *Crockett*, 807 F.3d at 167; *Mulero*, 668 F.3d at 536. Further, Pinkley failed to include the issue of Reynolds's prior consistent statement on police abuse in his PLA to the Illinois Supreme Court, and therefore procedurally defaults on these grounds as well. (*See* Dkt. 27-2, Exhibit H, at 88.) *See id.*; *Boerckel*, 526 U.S. at 848; *Woods*, 589 F.3d at 373; *McQuiggin*, 133 S. Ct. at 1931; *Crockett*, 542 F.3d at 1193; *Guest*, 474 F.3d at 930. This Court therefore declines to hear Pinkley's petition for habeas relief on the grounds provided in Claim 3.

### C. The Court Declines to Issue a Certificate of Appealability

Because Pinkley's federal petition is procedurally defaulted, the Court dismisses the petition with prejudice. A petitioner may not appeal the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a state court unless the court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a). A certificate of appealability may issue only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the court should issue a certificate only when the prisoner shows "both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). For the reasons discussed above, Pinkley has not made a substantial showing of the denial of a constitutional right. Reasonable jurists would not debate whether the challenges in his habeas petition should have been resolved differently or determine that Pinkley deserves encouragement to further proceed with his habeas claims. *See Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000). There can be no dispute that Pinkley's federal petition is procedurally defaulted and no exceptions apply. The Court therefore declines to issue a certificate of appealability.

## CONCLUSION

For the reasons stated herein, the Court dismisses Pinkley's § 2254 habeas petition [1] and declines to issue a certificate of appealability.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 12/5/2016